NATIONAL FINANCE CORPORATION OF FALL RIVER *v.*
ANNIE T. KEYES *et al.*

JUNE 5, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

418

Condon, J. This is an action of assumpsit for a deficiency resulting from the plaintiff's repossession and sale of the defendants' automobile under a conditional sale contract

because of their breach thereof. The case is here on the defendants' bill of exceptions. The principal exception is to the decision of the trial justice in favor of the plaintiff. Two other exceptions are to certain rulings made during the trial.

The plaintiff's declaration consists of the common counts and book account. The following facts appear from its bill of particulars. On February 23, 1954 in the city of Fall River in the Commonwealth of Massachusetts defendants purchased from Gale Motor Sales a 1948 Plymouth sedan for $795 under a conditional sale contract. The defendants made a down payment of $100 and agreed to pay the balance plus finance charges in twenty-one equal monthly payments of $51.66 each.

This contract was duly assigned to plaintiff. Thereafter defendants defaulted on the March payment. On April 10, 1954 plaintiff repossessed the automobile and took it to Fall River where it was placed in storage at Sweeney's Auto Sales. The defendants were notified of such repossession by registered mail on April 21, 1954. On April 26 the automobile was sold at public auction by Frank S. Feitelberg, auctioneer, to Sweeney's Auto Sales for $250. That sum and a rebate of $97 on a canceled fire and theft insurance policy were credited to defendants. There then remained a balance due plaintiff on the purchase price plus finance charges, costs of repossession, and attorney's fees.

The defendants filed a plea of the general issue and in addition three special pleas. Under the first plea it is alleged that plaintiff did not comply with Massachusetts Annotated Laws, chapter 106, §49, paragraphs (1) and (5), governing sales of personal property. The second plea alleges that plaintiff did not sell the automobile in accordance with the terms and conditions of the conditional sale contract in that no public notice was given of the auction. The third plea repeats that allegation and adds that such

sale was fraudulently conducted so that the automobile was sold for a price far less than its fair market value.

The plaintiff joined issue on these pleas and thereupon defendants filed a motion for judgment on the pleadings. This motion was denied by the trial justice. The defendants' first exception is to that ruling. There is no merit in this exception. Such pleas conclude with a verification, and when issue was joined thereon it was incumbent upon defendants to verify the facts alleged.

The defendants' second exception relates to the trial justice's refusal to strike out certain testimony concerning plaintiff's notification to several automobile dealers in Fall River of the proposed sale at auction of the repossessed automobile. The defendants contend that there is nothing of that nature in the bill of particulars; hence interrogation concerning such notice was inadmissible. An exception based on that ground is clearly lacking in merit. In the face of defendants' pleas that the sale was not fair, it was proper for the plaintiff to show what effort, if any, it had made to call the sale to the attention of others who would be likely to bid thereat.

The defendants' third exception is to the trial justice's decision. It is based substantially on the contentions that the sale was not conducted in accordance with law or in accordance with the provisions of the conditional sale contract. Their chief argument appears to be that the sale as conducted was not a public sale because it was not publicly advertised or notice thereof was not otherwise given to the general public. They claim that it should have been conducted as provided in Mass. Ann. Laws, chap. 106, §49, which reads as follows: "(1) If the goods are perishable, or if the seller expressly reserves the right of re-sale in case the buyer makes default, or if the buyer has been in default in the payment of the price an unreasonable time, an unpaid seller having a right of lien or having stopped the goods in transit may re-sell the goods. * * * (5) The

seller is bound to exercise reasonable care and judgment in making a re-sale, and subject to this requirement may make a re-sale either by public or private sale."

In our opinion those provisions do not apply to a conditional sale contract. The Commonwealth of Massachusetts has expressly legislated concerning sales upon repossession of personal property under such contracts. See Mass. Ann. Laws, chap. 255, §13F. That section provides among other things that, if the vendee has paid at least 50 per cent of the total time price as set forth in the contract and makes a request in writing within ten days of repossession of the property accompanied by the sum of $10 to cover expenses, a public auction be held and the sale shall be so conducted only after publication, at least three days prior to sale, of notice thereof by public advertisement in a newspaper.

It is clear from the above statutory requirements that a defaulting vendee under a conditional sale contract in Massachusetts does not have a right, aside from the statute, to such a sale and notice. Since the sections of the general laws relied upon are not applicable and defendants are not qualified to claim the benefit of the above-mentioned §13F, there is no merit in their contention that the sale in question here was illegal.

However, they further contend that since the sale was not advertised as a public auction, it was not a public sale within the meaning of the terms of the contract. In other words they argue that a public sale necessarily connotes a public auction preceded by a notice thereof to the general public. In support of that contention they cite *Dulin* v. *National City Bank*, Ind. App., 130 N. E. 426. The facts of that case are substantially different from the case at bar. For one thing it involved a pledge where title remained in the pledgor and not a conditional sale where title remains in the seller. We are therefore not persuaded to follow it in the case before us, especially since no Massachusetts

case has been cited to us which makes a like construction in the matter of a conditional sale.

It is our opinion that the language of the conditional sale contract itself is sufficient to show that the sale in question here was conducted in substantial compliance therewith. Paragraph 7 thereof expressly provides:

> "Time is of the essence of this contract, and if purchaser default in complying with the terms hereof, or seller deems the property in danger of misuse or confiscation, seller or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose seller may enter upon the premises where said property may be and remove same. Such possession shall not affect seller's right, hereby confirmed, to retain all payments made prior thereto by the purchaser hereunder. Seller may resell said property, so retaken, at *public* or *private sale,* without demand for performance, with or without notice to purchaser (if given, notice by mail to address below being sufficient), with or without having such property at place of sale, and upon such terms and in such manner as seller may determine; seller may bid at any public sale. From proceeds of any such sale, seller shall deduct all reasonable expenses for retaking and selling such property. The balance thereof shall be applied to amount due; any surplus shall be paid over to purchaser; in case of deficiency purchaser shall pay the same with interest. Seller may take possession of any other property in the above described motor vehicle at time of repossession, wherever such other property may be therein, and hold same temporarily for purchaser without liability on the part of seller." (italics ours)

Such language cannot be reasonably construed to require public notice such as defendants are contending for. If it were so construed, several questions would immediately arise. What kind of notice? Advertising in a newspaper?

If so, in what newspaper and whether once or more often before the day of sale? Or if such notice were to be by public posting, where should it be posted and at what time prior to the sale? To ask such questions is to demonstrate that this contract does not require a public sale as contended by defendants.

Nevertheless the sale which was held was of a public nature in the sense that it was not conducted privately or in camera as the one in *Dulin* v. *National City Bank, supra,* appears to have been. It is to be remembered that a sale such as the one in the case at bar is a sale not of the purchaser's property but of the seller's. Title to the repossessed chattel has never passed from him and it has never vested in the purchaser. In such circumstances it has been aptly observed by Williston that since the seller has the title he "obviously has the power to resell as he pleases, and in many cases at least the price obtained could be shown to be a fair market price, although the buyer had no notice of the resale." 5 Williston on Contracts (rev. ed.), §1379C, p. 3856.

There is nothing in the present record to show that a fair price was not received. What is the fair market price of a used automobile which it has become necessary for the seller to repossess, cannot be estimated with accuracy by mere comparison with the price the defaulting purchaser originally paid for it. He may have obtained a bargain or he may have been grossly overreached. We must assume that where a resale is openly held, to which automobile dealers are invited and at which they may freely bid, the sale price obtained represents the fair market value in the absence of positive evidence to the contrary. There is no evidence of such nature here, nor is there any evidence of fraudulent conduct on the part of the plaintiff or of those to whom it entrusted the automobile for sale.

The defendants' exceptions are overruled, and the case

is remitted to the superior court for entry of judgment on the decision.

*Halpert & Beaver, Kenneth M. Beaver,* for plaintiff.

*Samuel H. Brenner,* for defendants.